# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# COLUMBUS DIVISION

| | |
|---|---|
| **Ivey Films LLC**, <br> c/o Mr. Michael Ivey, Registered Agent, <br> 1350 Goldsmith Dr. <br> Westerville, Ohio 43081, <br><br> and, <br><br> **Mr. Michael Ivey**, <br> 1350 Goldsmith Dr. <br> Westerville, Ohio 43081, <br><br> Plaintiffs, <br><br> v. <br><br> **Ms. Elisa C. Thompson**, <br> 3615 S. Atlantic Ave., Unit 210 <br> Daytona Beach Shores, Florida 32118, <br><br> and, <br><br> **American Brother Foundation Inc.**, <br> c/o Ms. Elisa C. Thompson, Registered Agent, <br> 3615 S. Atlantic Ave., Unit 210 <br> Daytona Beach Shores, Florida 32118, <br><br> and, <br><br> **John and Jane Does Persons and Entities 1-10**, <br> all whose true names are presently unknown, after diligent inquiry, <br><br> Defendants. | Case No.: <br><br> Judge: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT, NON-BREACH OF CONTRACT, AND NON-EXISTENCE OF ENFORCEABLE CONTRACT** <br><br> *(Jury Demand Endorsed Hereon)* |

NOW COME the Plaintiffs, *Ivey Films LLC, and Mr. Michael Ivey*, and for their Complaint gainst the Defendants, the Plaintiff do hereby allege and aver the following:

**INTRODUCTION**

1. This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeking a declaration that Plaintiff(s) have not infringed any copyrights owned by Defendant(s) and has not breached any contract with Defendant. ("Plaintiff" and "Plaintiffs" and "Defendant" and "Defendants" are used interchangeably herein and refer to all of the named parties in this case.)

2. Plaintiff seeks judicial resolution to resolve an actual and justiciable controversy concerning Plaintiff's rights, obligations, and conduct.

3. Plaintiff seeks a declaratory judgment that they have not infringed any copyright owned by the Defendant. The Plaintiff further seeks a declaratory judgment as to who owns the copyright(s) regarding the film work that is a subject of this lawsuit, which includes, but is not limited to, documentary film work with respect to "We Came in Peace" (hereinafter the "documentary" or "film").

4. Plaintiff seeks a declaratory judgment as to their rights, responsibilities, and legal relations vis-à-vis an alleged contract that the Defendant has alleged in writing (through Defendant's counsel) of a breach. Plaintiff seeks a declaratory judgment that there is no enforceable contract, and that Plaintiff has not breached any contractual duties.

5. <u>Plaintiff</u>: The Plaintiff, Ivey Films LLC, is a corporation organized under the laws of Ohio and has been in existence since 2023. See the Ohio Secretary of State's website for official business records. The company was formed for any lawful business purpose. Mr. Michael Ivey created the

entity in connection with his film work as a documentary film maker. Mr. Michael Ivey is a real person residing in Franklin County, Ohio, and has engaged in conduct in Franklin County that forms the factual background for this dispute.

6. <u>Defendant</u>: The Defendant, Ms. Elisa C. Thompson, is a real person residing in the State of Florida. Ms. Thompson is the creator of American Brother Foundation Inc. (https://www.americanbrotherfoundation.org/), which is a corporation organized under the laws of the State of Florida.

See the Florida Secretary of State's business records at:

https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=AMERICANBROTHERFOUNDATION%20N190000070560&aggregateId=domnp-n19000007056-84373124-2c60-443f-b19a-47b375cc8155&searchTerm=american%20brother%20foundation&listNameOrder=AMERICANBROTHERFOUNDATION%20N190000070560

John and Jane Doe Persons or Entities 1-10 are individuals and/or entities of unknown types that may be liable to the Plaintiff on the Plaintiff's claims and despite reasonable inquiry have yet to be identified but will be joined into the case as discovery progresses if their existence is determined.

7. The Defendant(s), through their attorneys in Columbus, Ohio, sent a demand letter via certified mail upon the Plaintiff(s) at their address in Franklin County, Ohio, which, among other things, gives rise to these proceedings. <u>(See the May 7, 2024, demand letter from Taft/ as "Exhibit 1," which is attached hereto and incorporated herein by reference.)</u>

**JURISDICTION AND VENUE**

8. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) because this action, in part, arises under the Copyright Act, 17 U.S.C. §§ 101 et seq., and under 28 U.S.C. § 1338(a) (jurisdiction over copyright matters). The Court also has subject matter jurisdiction under the diversity of citizenship of the parties. The Plaintiff-side is an Ohio-resident and corporation. The Defendant-side is a Florida-resident and corporation. Complete diversity exists. Furthermore, the amount in controversy between the parties exceeds $75,000.

9. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) to adjudicate state law claims, including matters related to contract disputes.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**FACTUAL BACKGROUND**

11. A draft written contract was created in 2019 for the sponsorship of the Plaintiff by the Defendant for the Plaintiff's production of a documentary film about the 1983 Beirut barracks bombing terrorist incident. The parties never entered the contract or signed the contract.

12. The Defendant alleges that the parties entered essentially into an oral agreement concerning the making of the film. The Defendant alleges it raised money for the production of the film and that it has certain rights. (Ex. 1.) The Plaintiff denies those allegations.

13. The Plaintiff has complied fully with any obligations, if any, and has not infringed upon any copyrights owned or claimed, in whole or in part, by the Defendant.

14. On May 7, 2024 (Ex. 1.), the Defendant alleged that Plaintiff breached some contractual obligations and/or infringed some copyright.

15. The Defendant's allegations are without merit and create an actual controversy necessitating judicial determination. Without judicial intervention, the rights and responsibilities between the parties are unknown and a cloud exists over the past and future production of the film.

**CLAIM NO. 1:**
***(DECLARATORY JUDGMENT***
***FOR NON-INFRINGEMENT OF COPYRIGHT)***

16. The Plaintiff incorporates by reference the allegations in paragraphs 1-15 above as though they are fully rewritten herein.

17. A district court has "unique and substantial discretion in deciding whether to declare the rights of litigants" in declaratory judgment actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995),

18. The Plaintiff's actions, as alleged by Defendant, do not constitute copyright infringement under U.S. Code 17 U.S.C. §§ 106 and 501 *et seq*. Furthermore, the Defendant does not own any copyright that the Plaintiff has infringed or acted in any way incongruently with.

19. The Defendant has threatened legal action, creating an actual and justiciable controversy.

20. The Plaintiff is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that it has not infringed any copyrights owned or claimed by Defendant. The Plaintiff is further entitled to a declaratory judgment stating the respective ownership rights of any copyrights to the film, if any, and to whom, and in what percentages, if any.

21. A district court may, in its discretion, award costs, including reasonable attorney fees, to the prevailing party in a civil suit under the Copyright Act. 17 U.S.C. § 505. The Sixth Circuit's review of awarding attorney's fees in a copyright case is for abuse of discretion. *Coles v. Wonder*, 283 F.3d 798, 804 (6th Cir. 2002).

22. The Plaintiff is entitled to an award of attorney's fees and costs in this action since the Defendant's allegations that gave rise to this dispute were objectively unreasonable and was conduct that should have expected that the Plaintiff would be forced to take action of filing suit to maintain their rights.

### CLAIM NO. 2:
### *(DECLARATORY JUDGMENT OF NON-BREACH OF CONTRACT)*

23. The Plaintiff incorporates by reference the allegations in paragraphs 1-22 above as though they are fully rewritten herein.

24. There are three types of contracts recognized in Ohio: express, implied in fact, and implied in law. *Legros v. Tarr*, 540 N.E.2d 257, 263 (Ohio 1989).

25. The factors governing the exercise of declaratory judgment jurisdiction, first introduced in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984), are: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019) (alteration omitted) (quoting *Grand Trunk*, 746 F.2d at 326).

26. The Plaintiff has fulfilled all obligations under any contract, oral or written, with the Defendant, if any. The Plaintiff has not breached any agreement(s).

27. The Defendant's allegations of breach are unfounded and create an actual and justiciable controversy.

28. The Plaintiff is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that it has not breached any contract with Defendant.  A declaratory judgment would settle the controversy between the parties and would serve a useful purpose of clarifying the legal relations between the parties.

## PRAYER FOR RELIEF AND REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff respectfully requests that this Court:

a. Enter a declaratory judgment that Plaintiff has not infringed any copyrights owned or claimed by Defendant;

b. Enter a declaratory judgment that Plaintiff has not breached any contract with Defendant;

c. Award Plaintiff its costs and attorneys' fees as permitted by law; and,

d. Grant such other and further relief in law or equity as this Court deems just and proper.

## JURY DEMAND ENDORSEMENT

WHEREFORE, the Plaintiff further requests a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

Most Respectfully Submitted,

*/s/ David A. Welling*
**DAVID A. WELLING (Ohio Bar No. 75934)**
**C. VINCENT CHOKEN (Ohio Bar No. 70530)**
CHOKEN WELLING LLP
3020 W. Market St.
Akron, Ohio 44333
Tel.   (330) 865-4949
Fax   (330) 865-3777
Email   davidw@choken-welling.com
            vincec@choken-welling.com

*Counsel for the Plaintiff*